UNITED STATES OF AMERICA, Appellant, v. REGISTRAR OF PROPERTY OF GUAYAMA, Respondent.

No. 1162. Submitted April 3, 1945.—Decided May 9, 1945.

---

934

*Philip F. Herrick, United States Attorney,* and *A. Castro Fernández, Assistant United States Attorney,* for appellant. The registrar appeared by brief. *R. B. Pérez Mercado,* as *amicus curiae.*

Mr. Justice Snyder delivered the opinion of the court.

The United States sold a farm to a private individual. Paragraph 4 of the deed of sale reads as follows:

"Fourth: Contract as part of the Rural Rehabilitation Project of the Government.—The parties hereby agree that this transaction is one of a series of similar transactions, by virtue of which the Government proposes to convey lands situated in the municipalities of Arroyo, Patillas and Maunabo, Puerto Rico, under such conditions, agreements and restrictions which, pursuant to Act No. 163, approved on May 8, 1940, by the Legislature of Puerto Rico, may be imposed by the Government, as convenient and necessary for the better use and enjoyment of the lands thus conveyed, and in furtherance of the Rural Rehabilitation Project and relief initiated and put into effect by the Government."

Section 1 of Act No. 163 of 1940 reads as follows:

"Section 1.—(a) When, in connection with any authorized project of the Puerto Rico Reconstruction Administration, any real property or any interest therein is conveyed by the United States of America, either by way of outright conveyance or by means of a lease and agreement to convey, the grantees, transferees, and any and all persons claiming under or through them, shall be bound by any provision contained in the instrument of conveyance or lease and agreement to convey, placing conditions and restrictions on sub-

sequent conveyances, transfers, or encumbrances of said premises, or defining the qualifications of persons entitled to acquire said premises by any means whatsoever.

"(b) The properties referred to in the preceding subsection (a) shall be permanently encumbered by such restrictions, imposed by the United States of America in the instrument of conveyance or lease and agreement to convey, as may have been deemed by the United States of America as necessary or proper for the better use and enjoyment of the premises conveyed or transferred, and the furtherance of the project within which said properties are included or in connection with which they are conveyed or transferred. Such restrictions may include, without being limited to, the purpose and manner of use of the properties conveyed or transferred; the size and location of the buildings or improvements which may be constructed on such properties; the type of construction and materials which may be utilized; and a restriction of occupancy of dwelling houses to persons of such income groups as may be deemed by the United States of America as consistent and proper in furtherance. of the project."

In the light of paragraph 4 and Act No. 163, the afore-said deed contained the following paragraphs:

"NINTH:—Limitation on the free disposition of the property. The purchaser shall not transfer, convey, mortgage, lease, or in any other way dispose of, or encumber, the property, or any interest therein, without the prior written consent of the Government."

"TWENTY-FIRST:—Resolutory Conditions. The non-fulfillment of its obligations or the violation of any of the provisions of this contract by the Purchaser, will give the Government the right to rescind this sale, by payment of the true and reasonable value of the property at the time of such nonfulfillment or violation and of the crops on the property at the time of its delivery to the Government, or to the person who, with the approval of the Government, acquires the property, as hereinafter provided, less the value of any mortgages refactions or other encumbrances on the property or the crops; it being agreed, however, that in no case will the Government be obliged to pay for the property a price higher than the sales price agreed to in this deed. Upon the occurrence of any of the resolutory conditions hereinbefore recited, the Government may take possession of the property and the crops and proceed to the appraisal thereof, in the presence of the purchaser, if the latter

wishes to participate, for purposes of payment of the price, as agreed. In case the Government finds it is impossible to make the payment because of a lack of funds assigned or appropriated for that purpose, or if the Government for any other reason does not want to make such a payment, the same can be made, subject to written approval by the Government, by any person who wishes to acquire the property and its crops. Once payment for the property and crops is made in the manner stipulated, the purchaser will execute with the Government a deed of rescission of this sale, or a deed of sale in favor of the person acquiring the property, as the case may be."

When the deed was presented for recordation, the registrar made the following annotation:

"This document is recorded at folio 18 of volume 48 of Patillas, property No. 3329, first entry, and the agreement contained in the ninth paragraph is hereby *denied* because it is contrary to law and especially to the letter and spirit of Sections 276 and 280 of the Civil Code of Puerto Rico, 1930 ed., inasmuch as it deprives the purchaser of the free disposition of what he acquired as owner, which right is the basis and essential ground of the right of ownership the recordation of which is sought; and likewise the agreement contained in the twenty-first paragraph in so far as it authorizes the Government to take possession of the property for the purposes specified in said paragraph, on the ground that this is contrary to Section 1780 of the Civil Code of Puerto Rico, 1930 ed., which declares null any agreement authorizing the mortgagor to adjudicate to himself the property of the mortgages because of nonperformance of the contract secured by the mortgage."

██ The case is here on appeal by the United States from this ruling of the registrar. The registrar has filed a long and involved brief and a reply brief in which he undertakes to examine the Spanish and Puerto Rican Law as to freedom of alienation of real estate. We are unable to see the relevancy of the general law on this subject. Here we have a special statute specifically empowering the United States, in connection with any project of the P.R.R.A., to place conditions and resolutions on "subsequent convey-

ances'' by purchasers from the United States.[1] This limitation on alienation was deliberately created by the Legislature to enable the United States to control such subsequent conveyances. The general provisions of our Code theretofore have no bearing here.

Paragraph 9 is not an absolute prohibition against alienation. It provides only that the purchaser must obtain the consent of the United States to convey the same. While such a restriction or condition on alienation would have been violative of §§ 276 and 280 of the Civil Code prior to 1940, the broad provisions of Act No. 163 sanction such a clause for P.R.R.A. projects.

The United States embarked in 1935 on a vast program of resettling thousands of our landless rural population on their own small tracts of land. But past experience in Puerto Rico indicated a tendency among our small landowners to sell and to mortgage their land to large interests. To avoid this condition, the aid of the insular Legislature was enlisted, and Act No. 163 was enacted. Whether it was wise for the Legislature to permit the P.R.R.A. to impose such restrictions on alienation is not a matter on which we have any right to pass. That decision rested exclusively with the Legislature, which enacted Act No. 163. Neither the registrar nor this court has any right to flout its plain provisions. Paragraph Nine of the deed clearly comes within the provisions of Act No. 163 that purchasers from the P.R.R.A. ''shall be bound by any provision contained in the instrument of conveyance . . . placing conditions and restrictions on subsequent conveyances, transfers or encumbrances of said premises. . .'' To assert as the registrar does here that

---

[1] It is by no means clear that the United States is bound by the laws of Puerto Rico as to title to land acquired here. ''But this court cannot recast the Registry system of Puerto Rico. Anyone wishing to avail himself of it, including Federal instrumentalities, must conform to its requirements.'' *The R.F.C. Mortgage Co.* v. *Registrar*, 60 P.R.R. 230, 234.

Act No. 163 does not contain a specific authorization to restrict alienation is to trivialize the broad language and purpose of Act No. 163.

What we have said also applies to paragraph 21 of the deed. We have no occasion to inquire here into whether such a clause is in conformity with our general law. It may or may not be. Here the Legislature has indicated in language as broad as can be written that the United States could write such conditions into its deeds in connection with P.R.R.A. projects. That is enough to decide the instant case.[2]

The ruling of the Registrar will be reversed and he will be directed to record the deed free of any defects.

---

[2] We note in passing that in the last ten years all the Registrars throughout the Island have recorded without objection a countless number of deeds containing these standard clauses in view of the provisions of Act No. 163.